IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| MARISOL A. CEPIN, | : | BANKRUPTCY NO.: 5-10-bk-03723 |
| | : | |
| DEBTOR | : | |
| | : | |
| CHARLES J. DeHART, III | : | {**Nature of Proceeding**: Trustee's |
| STANDING CHAPTER 13 TRUSTEE | : | Objection to Chapter 13 Plan (Doc. #47)} |
| | : | |
| OBJECTOR | : | |
| | : | |
| vs. | : | |
| | : | |
| MARISOL A. CEPIN, | : | |
| | : | |
| RESPONDENT | : | |

# OPINION

Marisol A. Cepin is a Chapter 13 Debtor with a pending Plan that has been met with an Objection by the Chapter 13 Trustee, Charles J. DeHart. This came to hearing on August 16, 2011. The sole issue turns on whether a $480 monthly transportation expense is reasonable and necessary.

Section 1325 of Title 11 states, in relevant part:

**(b)(1)** If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan– . . .

**(B)** the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

**(2)** For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance

> with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended–
>
> **(A)(i)** for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and

11 U.S.C.A. § 1325

Inasmuch as the parties agreed the Debtor is below the median income level, her expenses are not governed by the provisions of 11 U.S.C. § 707(b)(2). *Ransom v. FIA Card Services, N.A.,* 131 S.Ct. 716, 725 n.5 (U.S.,2011) ("Because the means test does not apply to Chapter 13 debtors whose incomes are below the median, those debtors must prove on a case-by-case basis that each claimed expense is reasonably necessary"). Indeed, reasonableness of expenses are governed in the same fashion as was done prior to the implementation of the 2005 bankruptcy amendments. The testimony in this matter was brief and consisted of the Debtor supporting the $480 monthly vehicle expense by advancing automobile expenses of herself and her non-filing husband. An automobile expenditure is deducted from current monthly expenses should the expense be incurred for the "maintenance and support of the debtor or a dependent of the debtor." While the term "dependent " includes spouse in § 522(a) of the Code, that definition has not been extended to § 1325. It is generally determined on a case-by-case basis. *In re Bauer*, 309 B.R. 47, 50 (Bankr. D.Idaho 2004). Unfortunately, no testimony regarding dependency was presented at the hearing. I cannot assume that the non-filing spouse is dependent on the Debtor so that his automobile expenses are included as an allowable deduction. In addition, the Debtor did indicate on her Amended Schedule I that she had no dependents. Doc. #29. My conclusion is that I can only allow the Debtor's own automobile expenses as testified to by the Debtor in her poorly structured but credible testimony. That would be

represented by her annual maintenance expense of $100 (Transcript of 8/16/2011 at 16) and her gasoline expense of two "fill ups" a week (Transcript of 8/16/2011 at 23). I will estimate her total maintenance expense to be no more than $350 a month. This falls short of the $480 listed on the Debtor's Schedule J and is accounted for by the Debtor including the non-filing spouse's automobile expenses to that figure. While the Trustee raised a legitimate objection to the inclusion of the spouse's expense to the Debtor's transportation expense, I see little impact on the Debtor's net income. The Debtor's Schedule J of current expenditures pools her and her spouse's expenses in offsetting their joint income identified on Schedule I. A reduction in *Debtor's* transportation expense by excluding the spouse's automobile expense would conversely increase the category listed titled "Husband's Personal Expenses" by a corresponding amount. The Debtor is simply paying some of *her husband's* auto expenses with money delivered to the Debtor by her husband. Monthly net income, as shown on Schedule J, is not altered.

While the Trustee accurately points out that the Debtor's monthly transportation expense is overstated, inasmuch as monthly net income does not appear to be impacted, the Objection is overruled.

I do want to raise one aspect of the testimony that sparked a dispute. The Debtor argued that the IRS Transportation Expense, as referenced in the National Standards, was a legitimate allowance, regardless of actual expenditure. See 11 U.S.C. § 707(2)(A)(ii)(I). The Trustee disputed the applicability of that reference typically utilized by above median income debtors. The Trustee points out, quite correctly, that the IRS Standards are not statutorily applicable to below median income debtors. Nevertheless, this Court has used those Standards as an indicator

of the reasonableness of actual expenses. *In re Wiedner,* 344 B.R. 321, 327 (Bankr. M.D.Pa. 2005). I find the Standards helpful, but certainly not controlling.

My Order will follow.

By the Court,

Date: January 12, 2012

John J. Thomas, Bankruptcy Judge
(CMS)